| | |
|---|---|
| Blacher Brothers<br>vs.<br>North River Insurance<br>Company of the City<br>of New York | Law No. 92259 |

April 1, 1935.

CURRAN, J. In this case there was a verdict for the plaintiff for $216 and the defendant now moves for a new trial on the grounds that the verdict is against the evidence and the weight thereof, and against the law; that it does not do substantial justice between the parties, and that defendant has discovered new and material evidence. At the argument on the motion nothing was presented in support of the last ground.

The action is assumpsit on two insurance policies issued by defendant which in effect substitute pro tanto the insured sum for (1) net profits on the business which are thereby (i. e. by the loss of use and occupancy of the described property) prevented; and (2) "fixed charges" and expenses as must necessarily continue during the total or partial suspension of the business, to the extent only that such fixed charges or expenses would have been earned had no fire occurred.

There are special provisions for determining "total" and "partial" suspension and amounts recoverable on account of each.

The total amount of this type of insurance carried by the plaintiff on March 23, 1933, when a fire occurred on the premises of the occupant of a part of the building, the greatest part of which was occupied by the plaintiff, was $100,000, of which the defendant insured the sum of $10,000, or one-tenth of the total, thus, by the terms of the policies, making the defendant liable for one-tenth of the loss.

The principal argument in this case and in its companion case (Law No. 91513, between the same parties, which was an action on two standard fire insurance policies for loss caused by water to the plaintiff's stock of machine tools) against the verdict in favor of the plaintiff was that the proof was not sufficiently definite to establish the loss and, therefore, that the damages awarded are speculative.

The Court feels that while clearer proof would have been more satisfactory, the proof as submitted was sufficient to support the verdict.

The proof was that the water from the sprinkler system on the premises where the fire occurred was discharged in such volume that it ran from the sixth floor, the scene of the fire, to the street floor where the plaintiff's machine tool stock-room was located and into the metal containers in which the tools and parts of tools were kept. It was claimed by the plaintiff that this required the removal, examination, reconditioning, repair (in some cases) and restoration to their proper places in the racks in the stock-room which held the containers, of thousands of tools and parts, and that during the period covered by these operations there was both total and partial suspension of the business and a total loss on that account of $2850.

The only indefiniteness in the proof was as to the extent of the suspension and the Court is satisfied that the jury rejected the evidence which was unsup-

ported or inconclusive and estimated damages only on the items where the proof was clear and definite. We think that the plaintiff, rather than the defendant, suffered from this want of proof, or rather from the indefiniteness of certain elements of the plaintiff's evidence. There was ample evidence of one department being closed because of loss of the use of the tools, etc., and this causing a necessarily consequent closing of other departments in which subsequent operations were carried on. It was claimed by the plaintiff, and supported by definite and credible evidence, that each department of plaintiff's plant was thus affected. Such closing may be regarded as either a "total" or "partial" suspension, causing a total money loss equal to that on which the defendant's proportion, one-tenth, is based as disclosed by the verdict.

The verdict does substantial justice between the parties and is not against the law, nor the evidence, nor the weight thereof.

Motion for new trial is denied.

For plaintiffs: Philip V. Marcus, McGovern & Slattery.

For defendant: William A. Gunning.